IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CALVIN BRIDGES, individually and**                         **PLAINTIFF**
**for others similarity situated**

**V.**                                 **NO. 3:20-CV-108-DMB-JMV**

**RANGERS ENTERPRISE**
**SATELLITE, LLC**                                                       **DEFENDANT**

**ORDER**

This Fair Labor Standards Act case is before the Court for consideration of the parties' proposed settlement.

**I**
**Procedural History**

On April 3, 2020, Calvin Bridges, "individually and for others similarly situated," filed a complaint against Rangers Enterprise Satellite, LLC, alleging a denial of overtime compensation and denial of minimum wage in violation of the Fair Labor Standards Act. Doc. #1. On July 21, 2020, Kendall Jones filed a notice of consent to join the proposed collective action. Doc. #19. Six days later, Kendrick Smith filed a similar notice. Doc. #20. Rangers Enterprise answered the complaint on November 16, 2020.[1] Doc. #30.

On December 17, 2020, Rangers Enterprise filed for Chapter 11 bankruptcy protection. Doc. #35. Accordingly, on January 20, 2021, this case was stayed pending the resolution of the bankruptcy proceedings. Doc. #36. On April 9, 2021, the parties, "[p]ursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)," filed a "Joint Stipulation of Dismissal with Prejudice," which purports to "stipulate to the dismissal with prejudice" of this case. Doc. #37.

---

[1] Rangers requested and was granted four extensions of time to answer the complaint. Docs. #18, #24, #27, #29.

On April 16, 2021, this Court, noting that parties may not settle FLSA claims without court approval, directed the parties to show cause why the settlement should be approved and why Rangers Enterprise's bankruptcy would not limit the Court's ability to approve the settlement. Doc. #38. Counsel for the plaintiffs, on behalf of all parties, filed a response to the order to show cause on April 30, 2021. Doc. #39.[2] Counsel also submitted to chambers a copy of the settlement agreement for in camera review.

## II
## Analysis

The FLSA was enacted to "protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945). "In light of the FLSA's recognition of the unequal bargaining power between employers and employees, the Supreme Court has concluded that the FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162–63 (5th Cir. 2015) (citing *O'Neil*, 324 U.S. at 706–08). "Accordingly, many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id*. at 164–65 (internal citations omitted) (collecting cases).

Although the cases cited above concern the issue of whether a private FLSA settlement is enforceable, in considering FLSA's underlying purpose, it has been held that "[Rule 41] stipulated dismissals settling FLSA claims with prejudice [also] require the approval of the district court or the DOL to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). As such, a Rule 41 stipulation in a FLSA wages claim is subject to the same review as a

---

[2] The April 30 response did not include the signature of local counsel, as required by Local Rule 83.1(d)(3). A copy of the response with the appropriate signature was filed on May 3, 2021. Doc. #40.

2

FLSA settlement.  *Id*.; *see Romero v. Levya*, No. 1:19-CV-683, 2020 WL 1958639, at *3 (W.D. Tex. Apr. 23, 2020) ("Given the absence of explicit Fifth Circuit precedent to the contrary, the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, and the compelling reasoning of the Second Circuit, the Court finds that its review and approval of the settlement is appropriate, if not mandatory."). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA … a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Diaz v. USA Pro. Lab., LLC*, No. 18-6580, 2021 WL 928031, at *1 & n.13 (E.D. La. Mar. 11, 2021) (internal quotation marks omitted) (collecting cases).

For there to be a bona fide dispute, there must be a "genuine dispute as to the Defendant's liability under the FLSA." *Catherine v. SureTemps, LLC*, No. 17-7561, 2019 WL 4038604, at *2 (E.D. La. Aug. 27, 2019) (internal quotation marks omitted). "To determine whether a settlement is fair and reasonable under the FLSA, courts look to *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), where the Fifth Circuit enumerated factors to use in determining whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure." *Brown v. 4Ever Caring, LLC*, No. CV 19-809, 2020 WL 4370882, at *2 (M.D. La. July 30, 2020) (collecting cases).  These factors are:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of [the plaintiffs'] counsel, [the plaintiffs'] representatives and absent [collective action members] members.

*Id*.

As a threshold matter, the parties represent that the bankruptcy proceeding has been dismissed and that the automatic bankruptcy stay is no longer in force.  Doc. #40 at PageID 142.

3

With respect to the terms of the settlement, the plaintiffs represent there were two bona fide disputes—the number of hours worked by each plaintiff individually and whether the plaintiffs were independent contractors or employees. *Id*. at PageID 141. As to the relevant factors, the parties represent that (1) "[t]his matter was resolved and settled over a period of months through arms-length negotiations by experienced counsel;" (2) due to the defendant's bankruptcy and issues with potential collective action certification, "[a]bsent settlement, the cost of continuing litigation would have been very high and the amount of time necessary would be lengthy;" (3) discovery occurred with respect to the defendant's financial status and the pay records for the plaintiffs; (4) based on the pay records "[s]uccess on the merits of the various contested issues was not certain;" (5) the defendant's financial records showed it was unable to withstand a sizeable judgment and "the settlement amounts reflect not only the possibility of loss on the merits, but also Defendant's financial status;" and (6) "Plaintiffs and their counsel fully agree that the settlement is a fair and reasonable resolution of genuine, bona fide, disputes." Doc. #40 at PageID 142–43.

Based on the parties' representations and an independent review of the settlement agreement, the Court concludes that the settlement agreement represents a fair and reasonable resolution of bona fide disputes. Accordingly, the settlement is **APPROVED** and the Court deems the stipulation of dismissal [37] to be effective. This case is **CLOSED**.

**SO ORDERED**, this 10th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

4